# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>STEVEN SIMON,<br><br>　　　　Debtor<br><br>M.T.J.C. LLC,<br>DOC VENTURES, LLC and<br>DMI GROUP, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STEVEN SIMON,<br><br>　　　　Defendant. | Chapter 7<br>Case No. 17-13991-MSH<br><br><br><br><br><br><br><br>Adversary Proceeding<br>Case No. 18-1015 |

## MEMORANDUM AND ORDER ON MOTION TO COMPEL

In this adversary proceeding brought by three allegedly defrauded investors seeking denial of the debtor's discharge or, in the alternative, the excepting of their debts from the debtor's discharge, the plaintiffs request an order compelling the debtor's wife, Sheryl Simon, to testify about the substance of certain conversations she had with her husband. The conversations involved loan transactions between Ms. Simon and the debtor. During a deposition, Ms. Simon answered general questions about the transactions and acknowledged that one or more conversations with her husband had occurred, but invoked Mass. Gen. Laws

1

ch. 233, § 20, First, which prohibits spouses from testifying about private conversations with each other, and refused to answer questions about the substance of such conversations.[1]

In seeking to compel Ms. Simon's testimony, the plaintiffs argue that spousal disqualification should not be available to her in this case because the statute contains an exception for "a proceeding arising out of or involving a contract made by a married woman with her husband." Mass. Gen. Laws ch. 233, § 20 (2018).[2] The plaintiffs point out that this is such a proceeding because the loan transactions between the Simons underlie one of their causes of action. The Simons maintain that the contract exemption from spousal disqualification applies only in litigation between spouses, clearly not the situation here.

---

[1] In civil cases in federal court, state law governs privilege pursuant to Fed. R. Evid. 501.

[2] The statute provides in relevant part:

> Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal, in court or before a person who has authority to receive evidence, except as follows:
>
> First, Except in a proceeding arising out of or involving a contract made by a married woman with her husband, a proceeding under chapter two hundred and nine D and in a prosecution begun under sections one to ten, inclusive, of chapter two hundred and seventy three, any criminal proceeding in which one spouse is a defendant alleged to have committed a crime against the other spouse or to have violated a temporary or permanent vacate, restraining, or no-contact order or judgment issue pursuant to section eighteen, thirty-four B or thirty-four C of chapter two hundred and eight, section thirty-two of chapter two hundred and nine, section three, three B, three C, or five of chapter two hundred and nine A, or sections fifteen or twenty of chapter two hundred and nine C, or a similar protection order issued by another jurisdiction, obtained by the other spouse, and except in a proceeding involving abuse of a person under the age of eighteen, including incest, neither husband nor wife shall testify as to private conversations with the other.
>
> Second, Except as otherwise provided in section seven of chapter two hundred and seventy-three and except in any proceeding relating to child abuse, including incest, neither husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other[.]

I conclude that the Simons' view of the scope of the spousal disqualification statute is correct, which means their conversations are protected and the plaintiff's motion to compel should be denied. Here is why.

Under Massachusetts law, married couples are subject to the benefits of both spousal privilege and spousal disqualification. *Id.*, First, Second. Spousal privilege protects one spouse who asserts the privilege from being compelled to testify against the other spouse with respect to any matter. *Id.*, Second. It applies exclusively in criminal proceedings. *Id.* The non-defendant spouse holds the spousal privilege. *Commonwealth v. Rosa*, 587 N.E.2d 767, 775 (Mass. 1992). Spousal disqualification applies to private conversations between spouses in any proceeding and prohibits both spouses from testifying about their private conversations. ch. 233, § 20, First; s*ee also Commonwealth v. Garcia*, 73 N.E.3d 296, 301-302 (Mass. 2017). A significant difference between spousal privilege and spousal disqualification is that the former is waivable by the spouse who holds the privilege, but the latter is absolute and unwaivable. *Compare Commonwealth v. Maillet*, 511 N.E.2d 529, 531 (Mass. 1987) (noting that Massachusetts replaced disqualification with privilege in criminal proceedings, and therefore the privilege is waivable), *and Commonwealth v. Stokes*, 374 N.E.2d 87, 96 (Mass. 1978) ("The privilege is one that he or she alone can claim, and one which can be waived over the objection of the other spouse."), *with Garcia*, 73 N.E.3d at 300-301 (noting the marital disqualification statute prohibits spouses from testifying about private conversations with each other).

There are a number of historical and policy reasons behind the spousal disqualification doctrine:

> (1) The husband and wife were considered one entity at common law; (2) a marital couple has only one interest and thus nothing could be gained by allowing

> a spouse to testify for or against the other; (3) a spouse has a "bias of affection" and would not testify truthfully; (4) allowing testimony might disturb marital peace; and (5) if a wife is a witness for her husband, she "must be subjected to a cross-examination which might call for truths unfavorable to his cause" and result in marital disharmony.

*Gallagher v. Goldstein*, 524 N.E.2d 53, 54-55 (Mass. 1988) (citing 2 J. Wigmore, Evidence § 601 (Chadbourn rev. ed. 1979)). Even though many of these policy considerations seem quaintly outdated today, the Massachusetts spousal disqualification statute retains all of its vitality. *Id.* at 55 ("Were this strictly a common law rule, we would not hesitate to transform it from a rule of disqualification to one of privilege. However, given the existence of the statute, that decision is for the Legislature.").

While the Massachusetts spousal disqualification statute is broad, it is not limitless. The statute contains a number of exceptions which restrict the scope of spousal disqualification. The opening phrase of the statute exempts from spousal disqualification testimony in a suit "arising out of or involving a contract" between spouses. ch. 233, § 20, First.

The parties here disagree about what exactly constitutes "a proceeding arising out of or involving a contract" between a couple. The defendant supports a narrow interpretation, arguing that the contract exemption applies only in suits brought by one spouse against the other, meaning that the spousal disqualification doctrine would remain in full force in suits brought by third parties. The plaintiffs urge a broader interpretation, arguing for the exemption to apply in any suit involving a contract between spouses, irrespective of who are the parties.

There appear to be no reported decisions in Massachusetts dealing directly with the meaning of the statutory phrase "a proceeding arising out of or involving a contract made by a married woman with her husband." All decisions that have examined the exemption involved suits between spouses so the courts did not have occasion to consider whether the contract

4

exemption might apply more broadly. *See Ansin v. Craven-Ansin*, 929 N.E.2d 955, 965 n.14 (Mass. 2010) (noting the lower court may have erred by applying spousal disqualification in a dispute between husband and wife because the contract exemption should apply); *Lima v. Lima*, 570 N.E.2d 158, 160 n.2 (Mass. App. Ct. 1991) (noting spousal disqualification does not apply when a wife sues her husband over a contract between the couple); *Hutchinson v. Hutchinson*, 383 N.E.2d 82, 85-86 (Mass. App. Ct. 1978) (applying the contract exemption in a dispute over the transfer of stock from husband to wife). While these decisions suggest a narrow interpretation of the contract exemption, none actually rejects the broader interpretation favored by the plaintiffs. Thus I must predict how the Massachusetts Supreme Judicial Court would rule on this issue. *See Gordon v. Pappalardo (In re Gordon)*, 487 B.R. 600, 602 (B.A.P. 1st Cir. 2013).

I begin, as I must, with the statute itself. The statutory context strongly suggests that the contract exemption should apply only in suits between spouses. Every exception to the doctrine of spousal disqualification listed in chapter 233, section 20, First, save one, involves a dispute between spouses. These exceptions apply in cases where there is court ordered spousal support, a crime committed by one spouse against the other, or a violation of a vacate, restraining, or no contact order. Child abuse is the outlier, but child abuse is unique because of its victim. *See Villalta v. Commonwealth*, 702 N.E.2d 1148, 1152 (Mass. 1998) (expanding the exemption to cases where the victim is not related to the perpetrator because of society's interest in protecting children). So leaving aside child abuse, the structure of the statute suggests its purpose is to render spousal disqualification inapplicable only in disputes between the spouses themselves.

The legislative history of the statute also supports its narrow interpretation. Massachusetts added the contract exemption in 1963 as part of an act authorizing contracts

5

between married couples and suits between married couples over those contracts. The 1963 amendment provides:

> **Chap. 765.** AN ACT AUTHORIZING MARRIED WOMEN TO CONTRACT WITH THEIR HUSBANDS AND PERMITTING HUSBANDS AND WIVES TO SUE EACH OTHER IN CONNECTION WITH SUCH CONTRACTS.
> *Be it enacted, etc., as follows:*
>  Section 1. Chapter 209 of the General Laws is hereby amended by striking out section 2, as appearing in the Tercentenary Edition, and inserting in place thereof the following section: -- *Section 2. A married woman may make contracts, oral and written, sealed and unsealed, in the same manner as if she were sole, and may make such contracts with her husband.*
>  Section 2. Said chapter 209 is hereby further amended by striking out section 6, as so appearing, and inserting place thereof the following section: -- *Section 6. A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife except in connection with contracts entered into pursuant to the authority contained in section two.*
>  Section 3. Section 20 of chapter 233 of the General Laws is hereby amended by striking out the second paragraph, as amended by section 3 of chapter 657 of the acts of 1951, and inserting in place thereof the following paragraph: --
>  *First, Except in a proceeding arising out of or involving a contract made by a married woman with her husband and except in a proceeding under chapter two hundred and seventy-three A and in prosecution begun under sections one to then, inclusive, of chapter two hundred and seventy-three, neither husband nor wife shall testify as to private conversations with the other.*

1963 Mass. Acts 692 (emphasis added).

Reading Section 3 of the amendment in context with its companion sections strongly suggests that the legislature intended the spousal disqualification exemption to apply only to suits between spouses. Even the title of the act, which refers to suits between husbands and wives, supports this interpretation.

 Finally, policy considerations support the narrow interpretation of the contract exemption to spousal disqualification. If the contract exemption is interpreted to apply in *any* suit arising out of or involving a contract between a married couple, the exemption would swallow the rule. Any time a married couple were involved in a contract and a third party

6

brought suit "arising out of or involving" that contract, the spouses' conversations surrounding the contract would be discoverable.  This broad interpretation appears counter to the goal of spousal disqualification, which is to insulate from inquisitive third parties the private conversations of married couples.  *Gallagher*, 524 N.E.2d at 55.

Based on the language and structure of the statute, its legislative history and the long-standing policy to protect confidential spousal communications, I conclude that the exception from spousal disqualification in Mass. Gen. Laws ch. 233, § 20, First, for proceedings arising out of or involving contracts between spouses applies only in disputes and proceedings between the spouses themselves and not to proceedings by third parties, such as this one.  Therefore, the motion to compel is DENIED.

By the Court,

Dated: July 3, 2018

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   William Parks, Esq.
Law Offices of William C. Parks
Boston, MA
for Plaintiffs M.T.J.C., LLC, Doc Ventures, LLC
and DMI Group, LLC

Charles Bennett, Esq.
Murphy & King, P.C
Boston, MA
for Defendant Steven Simon